IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY A. RICHARDSON, #223152,<br>Plaintiff, | Civil Action No. 7:05-cv-00382 |
| v. | **MEMORANDUM OPINION** |
| A. DAVID ROBINSON, et al.,<br>Defendants. | By: James C. Turk<br>Senior United States District Judge |

Gregory A. Richardson, a Virginia prisoner proceeding pro se, brings this action as a "Motion for Declaratory and Injunctive Relief, Temporary Restraining Order." Richardson alleges that in March 2005, prison officials at Wallens Ridge State Prison violated his constitutional rights by taking thirty (30) days of good conduct time, which altered Richardson's scheduled release date of April 1, 2005.[1] He seeks an injunction barring the defendants from denying him release from prison as scheduled. Richardson also asks to be allowed to proceed in forma pauperis, pursuant to 28 U.S.C. §1915(a), because the Prison Litigation Reform Act (PLRA) is unconstitutional. Because Richardson claims prison officials violated his constitutional rights, the court conditionally filed the action as one brought pursuant to 42 U.S.C. §1983. Upon review of the record, however, the court denies Richardson's motion to proceed in forma pauperis and dismisses this action without prejudice, pursuant to 28 U.S.C. §1915(g).

Enacted as part of the PLRA, 28 U.S.C. §1915(g) provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

---

[1] Richardson dated his pleading on March 23, 2005, and the postage meter printout on the envelope reads March 25, 2005. However, the postmark is June 14, 2005, and the court did not receive the pleading until June 15, 2005.

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

After review of court records, the court finds that the following civil actions or appeals filed by Richardson have been dismissed for the failure to state a claim upon which relief may be granted: Richardson v. Lee, Civil Action No. 7:99-cv-00505 (W.D. Va. Aug. 6, 1999); Richardson v. Lee, No. 99-7107, CA-99-505 (4th Cir. Oct. 27, 1999); and Richardson v. Lee, et al., 7:99-cv-00675 (W.D.Va. Sept. 24, 1999). As Richardson has accumulated three strikes, he may not proceed with this action without prepaying the $250.00 filing fee or demonstrating that he is "under imminent danger of serious physical injury." §1915(g). Because Richardson's current complaint does not meet the requisite showing of imminent physical harm under §1915(g) so that he qualifies to proceed without prepayment of the filing fee as to this case, the court denies his application to proceed in forma pauperis.

Plaintiff has also failed to pay the $250.00 filing fee, so this action will be dismissed, pursuant to §1915(g). In any event, because the scheduled date for Richardson's release has long since passed, his requests for immediate court relief are moot. See Magee v. Waters, 810 F.2d 451 (4th Cir. 1987). Finally, to the extent that plaintiff claims the calculation of his term of confinement was incorrect, he must first exhaust state court remedies before bringing any action in this court to challenge the sentence calculation. See 28 U.S.C. §2254(b).

An order in accordance with this Memorandum Opinion will be entered this day.

ENTER: This 5th day of July, 2005.

James C. Turk
Senior United States District Judge

2

Case 7:05-cv-00382-JCT-mfu   Document 2   Filed 07/05/05   Page 2 of 2   Pageid#: 8